# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| STEPHANIE KEY § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:24-CV-1368-S |
| COCA-COLA SOUTHWEST BEVERAGES, § | |
| LLC, and DOLGENCORP OF TEXAS, INC. § | |
| d/b/a DOLLAR GENERAL #12498 § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Stephanie Key and Defendants Dolgencorp of Texas, Inc. and Coca-Cola Southwest Beverages LLC's Agreed Motion for Leave to File Under Seal and Brief in Support ("Motion to Seal") [ECF No. 77]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General #12498 ("Dollar General") moved for summary judgment. *See* ECF No. 57. Plaintiff filed her response and appended Exhibit 3, which is an excerpt of Dollar General's Standard Operating Procedures, in redacted format. *See* ECF No. 71-1. Plaintiff twice moved for leave to file Exhibit 3 under seal, *see* ECF Nos. 72, 75, and the Court denied leave both times for failure to comply with Fifth Circuit law, *see* ECF Nos. 74, 76 (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). The parties then filed the Motion to Seal.

### II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court

must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

### III. ANALYSIS

The parties now seek leave to file Exhibit 3 under seal. Mot. to Seal 2. Exhibit 3 contains "confidential excerpts from Dollar General's Standard Operating Procedures," including "proprietary operational intelligence unique to Dollar General." *Id.* at 3-4.

The Court concludes that it is proper to seal Exhibit 3. According to the parties, Exhibit 3 contains "Dollar General's staffing models, labor allocation strategies, and merchandising methodologies . . . detailed receiving room operational procedures, [and] maintenance procedures tied to Dollar General's risk management strategy." *Id.* at 4-5. Further, the parties contend that this information, if released to Dollar General's competitors, would allow those competitors to "adopt Dollar General's procedures without similar investment[.]" *Id.* at 5. Specific allegations regarding competitive harm, like the allegations set forth by the parties here, support sealing. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

The Court further finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information contained in Exhibit 3. Exhibit 3 contains proprietary and other confidential information, and the parties have explained why disclosing such

information would cause Dollar General competitive harm. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). And the exhibit being sealed does not appear to be essential to deciding the merits of Dollar General's summary judgment motion. *See MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (allowing redaction of information that did not "provide 'the basis for summary judgment' but simply support[ed] [the defendant's] arguments." (citation omitted)). As such, the Court will seal Exhibit 3.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff Stephanie Key and Defendants Dolgencorp of Texas, Inc. and Coca-Cola Southwest Beverages LLC's Agreed Motion for Leave to File Under Seal and Brief in Support ("Motion to Seal") [ECF No. 77]. The Court **DIRECTS** Plaintiff to file Exhibit 3 under seal.

**SO ORDERED.**

SIGNED December 15, 2025.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**